# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANGELA SUMMERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:20-cv-00271 |
| | ) |
| LUIS CARASAS and RAISER LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

*Having fully considered the parties' consent protective order and for good cause shown,*

*IT IS HEREBY ORDERED THAT the parties' proposed Protective Order is* **ADOPTED***, (doc. 10-1), subject to the following modifications:*

- (1) The Court and its authorized personnel are not parties to the agreement and are not bound by its terms;

- (2) Nothing in this protective order shall be construed as relieving any party from the obligation imposed by Local Rule 79.7 to file a motion seeking the sealing of confidential documents; and

- (3) Nothing in this protective order shall be construed as limiting the Court's discretion to determine whether evidence should be protected from public disclosure in contravention of the strong presumption in favor of access to court records.

The parties' agreed-upon terms are as follows:

**[Text of Consent Order, as submitted by the parties, begins on following page.]**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANGELA SUMMERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-271 |
| | ) | |
| LUIS CARASAS and RAISER LLC | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between the Parties to *Angela Summers v. Rasier, LLC*, by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding 4:20-cv-00271.

    b. "Court" means the Honorable William T. Moore or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d. "Confidential Materials" means any Documents, Testimony or

Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

      e.    "Designating Party" means the Party that designates Materials as "Confidential."

      f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

      g.    "Documents" means (i) any "Writing," "Original," and "Duplicate, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

      h.    "Information" means the content of Documents or Testimony.

      i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.    The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential"

designation should not obscure or interfere with the legibility of the designated Information.

      a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

      b.    For Testimony given in depositions the Designating Party may either:

          i.    identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

          ii.    designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within a reasonable period following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

      c.    For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

    5.    The inadvertent production by any of the undersigned Parties or non-

Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

      6.    In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the

Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following "Qualified Persons":

    a. the Parties;

    b. the Court, including the jury; and

    c. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective

Order and that they may not be Disclosed other than pursuant to its terms;

        d.    those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

        e.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

        f.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

        g.    any other person that the Designating Party agrees to in writing.

8.    Before being given access to any confidential information, each Qualified Person shall be provided by counsel with a copy of this Stipulated Protective Order and shall sign the Non-disclosure Agreement, attached hereto as Exhibit A. The Non-disclosure Agreement states that the person receiving

Confidential Information ("Recipient") has read this Stipulated Protective Order and agrees to be bound by its terms. The Recipient shall acknowledge in writing that he/she is not presently a competitor or employed by a competitor of any of the Parties, and will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with any of the Parties. All Non-disclosure Agreements will be maintained throughout this action by the attorneys obtaining them.

9.  Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever. Any copy of Confidential Materials distributed to a Qualified Person shall be returned to counsel for the Designating Party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the Designating Party or the Court execute an affidavit stating that all such documents and copies of such documents have been returned as required.

10. Except to the extent otherwise permitted by this Stipulated Protective Order, counsel shall keep all materials or information designated as confidential and subject to this Stipulated Protective Order within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

11. Except to the extent otherwise permitted by this Stipulated Protective Order, each and every Qualified Person who has access to Confidential Information subject to this Stipulated Protective Order shall take all due precautions to maintain the confidentiality of all such materials and shall prevent the unauthorized or inadvertent disclosure of the material. Counsel shall provide each Qualified Person

a copy of this Stipulated Protective Order.

12.     Any Qualified Person having access to material or information designated as confidential under this Stipulated Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, as confidential and all provisions of this Stipulated Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by any Designating Party.

13.     Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

14.     Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a.     operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.     prejudice in any way to the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order);

        i.     to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii.     to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or

Information.

15. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

16. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.  If at any time a party realizes that previously undesignated documents or other material should be designated as Confidential Information, the party may so designate by advising all other parties in writing specifically identifying the information and furnishing the correct designation.  The designated documents or material will thereafter be treated as Confidential Information pursuant to this Stipulated Protective Order.  Upon receipt of such designation in writing, the Parties and other Qualified Persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

17. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process

("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

18.  Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection.  The Parties shall meet and confer to agree upon the terms of such additional protection.

19.  If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

20.  This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

21. Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Fed. R. Civ. P. 5.2, the party shall follow the rule. With respect to discovery motions or other proceedings not governed by Fed. R. Civ. P. 5.2, the following shall apply: If Confidential Materials or Information derived from Confidential Materials must be submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the Party intending to so submit such Confidential Materials shall, pursuant Fed. R. Civ. P. 5.2(d), make a motion to the Court to limit access to such Confidential Materials. Following an Order issued by the Court, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

22. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

23. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

24. This Stipulated Protective Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and

representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for the purposes of any proceeding brought by a party to this action to enforce this Stipulated Protective Order.

25. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

26. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof, (b) destroy such Confidential Materials and advise counsel for the Designating Party of such destruction, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

27. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

28. The Parties and all signatories to the Non-disclosure Agreement attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court

modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

The Court hereby enters this Stipulated Protective Order, which shall be binding in this action.

Signed this 9th day of December, 2020.

*Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

**APPROVED AS TO FORM AND CONTENT:**

Dated: December 3, 2020      By:     */s/ Seth M. Diamond*
                                     Seth M. Diamond
                                     Georgia Bar No. 220393

                                     **MORGAN & MORGAN**
                                     25 Bull Street, Suite 400
                                     Savannah, Georgia 31401

                                     *Attorney for Plaintiff*


Dated:  December 3, 2020     By:     */s/ Kristin L. Yoder*
                                     Jason G. Wyrick
                                     Georgia Bar No. 143112
                                     Kristin L. Yoder
                                     Georgia Bar No. 229210

                                     **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
                                     Meridian II, Suite 2000
                                     275 Scientific Drive
                                     Peachtree Corners, Georgia 30092

                                     *Attorney for Luis Carasas*


Dated:  December 3, 2020     By:     */s/ Carl H. Anderson, Jr.*
                                     Kimberly D. Stevens
                                     Georgia Bar No. 680747
                                     Carl H. Anderson Jr.
                                     Georgia Bar No. 016320_
                                     Jeffrey S. Adams
                                     Georgia Bar No. 164671

                                     **HAWKINS PARNELL & YOUNG LLP**
                                     303 Peachtree Street, N.E., Suite 4000
                                     Atlanta, GA 30308-324

                                     *Attorneys for Defendant Rasier, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| **ANGELA SUMMERS,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**LUIS CARASAS and RASIER, LLC,**<br><br>    **Defendants.** | **CIVIL ACTION NO. 4:20-cv-00271** |

## EXHIBIT A:
## AGREEMENT TO TERMS OF
## STIPULATED PROTECTIVE ORDER

    I hereby acknowledge that I have reviewed the stipulated protective order issued in this case, and have agreed to abide by its terms prior to receiving or reviewing any Confidential Information produced in this litigation. I further acknowledge that I am not presently a competitor or employed by a competitor of Defendants, and will not use any Confidential Information obtained from any confidential document, transcript, or other item to compete with Defendants.

    In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the United States District Court for the Southern District of Georgia for the purpose of its enforcement and the enforcement of my obligations under this Certification.

By:_____

Name:_____

Date:_____